J. S37033/19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| MICHAEL WALKER, | : | No. 2866 EDA 2018 |
| | : | |
| Appellant | : | |

Appeal from the PCRA Order Entered August 24, 2018,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0004505-2012

BEFORE: BOWES, J., KUNSELMAN, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.: **FILED DECEMBER 16, 2019**

Michael Walker appeals *pro se* from the August 24, 2018 order entered

in the Court of Common Pleas of Philadelphia County dismissing his second

PCRA petition filed pursuant to the Post Conviction Relief Act ("PCRA"),

42 Pa.C.S.A. §§ 9541-9546. We affirm.

The PCRA court set forth the procedural history as follows:

> On March 22, 2012, [appellant] was arrested and
> charged with Aggravated Assault, Robbery, Indecent
> Assault and related charges. On July 17, 2013,
> testimony began in [appellant's] jury trial. On
> July 18, 2013, [appellant] pled guilty to Robbery
> (18 Pa.C.S.[A.] § 3701(a)(1)(i)), a felony of the first
> degree, and Aggravated Assault (18 Pa.C.S.[A.]
> § 2702(a)(1)), a felony of the first degree, under the
> terms of a negotiated plea. [Appellant] also pled
> **nolo contendere** to Indecent Assault (18 Pa.C.S.[A.]
> § 3126(a)(1)), a misdemeanor of the second degree.

On July 18, 2013, [appellant] was sentenced to two terms of 8-16 years[' incarceration] each on the Robbery and Aggravated Assault charges, sentences to run concurrently. Sentencing was deferred on the Indecent Assault; a Pre-Sentence Investigation Report, Me[n]tal Health Evaluation and Psychiatric Evaluation were ordered. On September 12, 2013, [appellant] was sentenced to two years of probation for Indecent Assault to run consecutive to the Robbery and Aggravated Assault sentences. [Appellant] did not file a direct appeal.

On April 9, 2014, [appellant] filed a PCRA Petition. On March 11, 2015, Attorney Henry McGregor Sias ("Attorney Sias") entered his appearance on behalf of [appellant]. On June 30, 2015, Attorney Sias filed a *Finley* Letter pursuant to *Finley v. Pennsylvania*, 481 U.S. 551, 107 S. Ct. 1990, 95 L. Ed. 2d 539 (1987), *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Friend*, 896 A.2d 607 (Pa.Super. 2006). The *Finley* letter concluded that (1) [appellant's] claims were waived, and (2) [appellant's] claims were meritless. On the same date Attorney Sias also filed a Motion to Withdraw as Counsel. On August 12, 2015, the [PCRA c]ourt filed a Notice of Intent to Dismiss pursuant to Rule 907. On October 26, 2015, the [PCRA c]ourt formally dismissed [appellant's] PCRA Petition.

On November 23, 2015, [appellant] file[d] a Notice of Appeal. On December 2, 2015, the [PCRA c]ourt ordered [appellant] to provide a Concise Statement of Errors Complained of on Appeal pursuant to Pa.R.A.P. 1925(b). On December 7, 2015, [appellant] filed a Statement of Errors Complained of on Appeal ("Statement I") . . . .

. . . .

. . . . On April 25, 2016 the PCRA [c]ourt issued an opinion. On January 24, 2017[,] the Superior Court affirmed, holding that [appellant] had waived the issue presented in his appellate brief.

PCRA court opinion, 11/15/18 at 1-3.

On February 20, 2018, appellant filed **pro se** a PCRA petition, his second, seeking relief on the grounds that his plea was allegedly unlawfully induced. The PCRA petition also included a request for "new DNA testing to prove my innocen[ce.]" (Appellant's motion for PCRA relief, 2/20/18 at 4.) On June 8, 2018, the PCRA court notified appellant, pursuant to Pa.R.Crim.P. 907, of its intent to dismiss the PCRA petition as untimely filed and failing to invoke an exception to the PCRA jurisdictional time-bar. Appellant did not file a response. The PCRA court subsequently dismissed appellant's PCRA petition.

Appellant filed **pro se** a timely notice of appeal. The PCRA court ordered appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant timely complied. The PCRA court subsequently issued its Rule 1925(a) opinion.

Appellant raises the following issue for our review:

> Did the [PCRA] court err by treating the **pro se** appellant's inartful but fairly obvious attempt to seek post-conviction DNA testing using a standard, preprinted Department of Corrections form as a time-barred, serial "PCRA Petition" which it promptly dismissed without providing appellant with notice or the opportunity to respond and address the deficiencies in his pleading as contemplated by Pa.R.Crim.P. 905?

Appellant's brief at 4 (emphasis added, full capitalization omitted).

Appellant claims the PCRA court erred in dismissing his request for DNA testing which was made using a standard, pre-printed PCRA petition form and argues he should have been permitted to amend his request for any deficiencies. (*Id.* at 13-15.)

When examining the propriety of an order resolving a request for DNA testing, this court must apply the PCRA standard of review. *See Commonwealth v. Gacobano*, 65 A.3d 416, 419 (Pa.Super. 2013) (citation omitted). "On appeal from the denial of PCRA relief, our standard of review calls for us to determine whether the ruling of the PCRA court is supported by the record and free of legal error." *Id.* (citation omitted). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Commonwealth v. Lawson*, 90 A.3d 1, 4 (Pa.Super. 2014) (citations omitted). "This Court grants great deference to the findings of the PCRA court, and we will not disturb those findings merely because the record could support a contrary holding." *Commonwealth v. Hickman*, 799 A.2d 136, 140 (Pa.Super. 2002) (citation omitted).

This court has previously held that:

> the one-year jurisdictional time bar of the PCRA does not apply to motions for DNA testing under Section 9543.1. . . .
>
> [A] motion for post-conviction DNA testing does not constitute a direct exception to the one year time limit for filing a PCRA petition. Instead, it gives a convicted person a vehicle to first obtain DNA testing which could then be used within a PCRA petition to establish

> new facts in order to satisfy the requirements of an exception under 42 Pa.C.S.A. § 9545(b)(2).
>
> . . . . When presented with a hybrid filing that comingles PCRA claims and a request for DNA testing, the standard set forth in Section 9543.1 requires the court to address the DNA request first and foremost. A petitioner who is unable to obtain DNA testing under Section 9543.1 can still pursue [a] claim under the PCRA . . . but only if the PCRA petition is timely filed or otherwise meets one of the statutory exceptions to the timeliness requirements.

*Commonwealth v. Williams*, 35 A.3d 44, 50-51 (Pa.Super. 2011) (citations and quotation marks omitted), *appeal denied*, 50 A.3d 121 (Pa. 2012). This court has observed, "[t]o consider a request for DNA testing as untimely based solely on the nomenclature used would merely elevate form over substance." *Commonwealth v. Young*, 873 A.2d 720, 724 n.2 (Pa.Super. 2005), *appeal denied*, 891 A.2d 733 (Pa. 2005), *overruled on other grounds by Commonwealth v. Wright*, 14 A.3d 798 (Pa. 2011). In reviewing a denial of a request for post-conviction DNA testing, this court must determine if the requirements of Section 9543.1 are satisfied and may affirm the PCRA court's decision on any grounds provided there is a basis of support. *Commonwealth v. Walsh*, 125 A.3d 1248, 1253 (Pa.Super. 2015). In contrast, we review the PCRA court's legal conclusions *de novo*. *Commonwealth v. Henkel*, 90 A.3d 16, 20 (Pa.Super. 2014) (*en banc*).

Section 9543.1, as enacted at the time appellant filed his instant PCRA petition, stated, in pertinent part, as follows:[1]

### § 9543.1.  Postconviction DNA testing

**(a)  Motion.--**

(1)  An individual convicted of a criminal offense in a court of this Commonwealth and serving a term of imprisonment or awaiting execution because of a sentence of death may apply by making a written motion to the sentencing court for the performance of forensic DNA testing on specific evidence that is related to the investigation or prosecution that resulted in the judgment of conviction.

(2)  The evidence may have been discovered either prior to or after the applicant's conviction.  The evidence shall be available for testing as of the date of the motion.  If the evidence was discovered prior to the applicant's conviction, the evidence shall not have been subject to the DNA testing requested because the technology for testing was not in existence at the time of the trial or the applicant's counsel did not seek testing at the time of the trial in a case where a verdict was rendered on or before January 1, 1995, or the applicant's counsel sought funds from the court to pay for the testing because his client was indigent and the court refused the request despite the client's indigency.

---

[1] We note that Section 9543.1 was amended and the new language became effective December 24, 2018.  **See** Act 2018, Oct. 24, P.L. 896, No. 147, § 1. Because appellant filed his petition on February 20, 2018, this amended language does not apply.

. . . .

**(c)** **Requirements.--**In any motion under subsection (a), under penalty of perjury, the applicant shall:

(1)(i) specify the evidence to be tested;

(ii) state that the applicant consents to provide samples of bodily fluid for use in the DNA testing; and

(iii) acknowledge that the applicant understands that, if the motion is granted, any data obtained from any DNA samples or test results may be entered into law enforcement databases, may be used in the investigation of other crimes and may be used as evidence against the applicant in other cases.

(2)(i) assert the applicant's actual innocence of the offense for which the applicant was convicted . . . .

(3) present a prima facie case demonstrating that the:

(i) identity of or the participation in the crime by the perpetrator was at issue in the proceedings that resulted in the applicant's conviction and sentencing; and

(ii) DNA testing of the specific evidence, assuming exculpatory results, would establish:

> (A) the applicant's actual innocence of the offense for which the applicant was convicted; . . .

Former 42 Pa.C.S.A. § 9543.1

Here, a review of appellant's PCRA petition demonstrates that appellant made a request for DNA testing; a request that must be bifurcated from appellant's PCRA petition.[2] Therefore, we shall address appellant's claim for post-conviction DNA testing pursuant to Section 9543.1 and need not apply the provisions of Section 9545 herein.

The record demonstrates that in his request for DNA testing, appellant failed to identify the specific evidence for which he seeks DNA testing as required by Section 9543.1(a)(1) and (c)(1)(i). In addition, appellant failed to state that he consented to provide samples of bodily fluid for use in the DNA testing and acknowledge that any data obtained from any DNA samples or test results may be entered into law enforcement databases, may be used in the investigation of other crimes, and may be used as evidence against the applicant in other cases. **See** 42 Pa.C.S.A. § 9543.1(c)(1)(ii) and (iii). While he asserted his actual innocence in his PCRA petition, appellant failed to

---

[2] We note that appellant does not challenge the PCRA court's dismissal of his PCRA petition, requesting relief for an unlawfully induced sentence, as untimely and failing to invoke one of the three statutory exceptions to the jurisdictional time-bar. Therefore, appellant has waived this claim. **See Commonwealth v. Hill**, 16 A.3d 484, 494 (Pa. 2011) (reiterating that any issues not raised in a Rule 1925(b) statement are waived).

present a **_prima facie_** case demonstrating that his identity or the participation in the crime as the perpetrator was at issue or that DNA testing of specific evidence, assuming exculpatory results, would establish actual innocence. **_Id._** at § 9543.1(c)(2) and (3)(i) and (ii)(A). Therefore, appellant's request for DNA testing failed to satisfy the requirements for such a request pursuant to Section 9543.1.

Appellant argues the PCRA court should have permitted appellant to file an amended pleading to address the deficiencies in his request for DNA testing pursuant to Pennsylvania Rule of Criminal Procedure 905(B). (Appellant's brief at 14-15.) Rule 905(B) states, "[w]hen a **petition for post-conviction collateral relief** is defective as originally filed, the [PCRA court] shall order amendment of the petition." Pa.R.Crim.P. 905(B) (emphasis added).

Here, appellant co-mingled his request for DNA testing with his petition for PCRA relief. The request for DNA testing is a motion made pursuant to Section 9543.1 and is not a PCRA petition. Rule 905 deals specifically with PCRA petitions and is not intended to include motions for DNA testing filed pursuant to Section 9543.1. Consequently, appellant's argument is without merit.

Moreover, to the extent appellant seeks to have a second DNA test performed on the same evidence that was previously tested, Section 9543.1 was not intended to permit such a request. The language of Section 9543.1, providing petitioners an opportunity for DNA testing of evidence discovered

prior to conviction if "the technology for testing was not in existence at the time of the trial" indicates that the purpose of Section 9543.1 was to provide the first-time DNA testing of such evidence once testing was available. ***See*** former 42 Pa.C.S.A. § 9543.1(a)(2). In the instant case, appellant had DNA testing performed; and the PCRA court explained, "the DNA results in question establish conclusively that [appellant's] DNA was found in a sperm fraction from a vaginal swab collected from the complainant." (PCRA court opinion, 11/15/18 at 10-11.)

For all of these reasons, we find that the trial court's denial of appellant's request for DNA testing pursuant to Section 9543.1 is supported by the record and is free of legal error. Therefore, appellant's claim fails.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/16/19